FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 07, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY EVERYBODYTALKSABOUT,<br><br>Defendant. | CASE NO:  2:25-CR-00180-RLP-2<br>2:26-CR-00069-RLP-1<br><br>ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE; DISMISSING INDICTMENT; AND SETTING RELEASE CONDITIONS;<br><br>**\*USM Action Required\*** |

On July 6, 2026, Defendant Gregory Everybodytalksabout appeared before the Court and entered a plea of guilty the Indictment filed on June 3, 2026 in Case No. 2:26-CR-00069-1, charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(f)(1), 924(a)(8). Mr. Everybodytalksabout was represented by David Miller. United States Attorney Michael Ellis appeared on behalf of the Government.

The Court finds Mr. Everybodytalksabout is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and consequences of the plea and the plea of guilty is knowing, and voluntary, is not

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE * 1

induced by fear, coercion, or ignorance and is supported by an independent basis in fact establishing each of the essential elements of the crime. Therefore, Mr. Everybodytalksabout's plea of guilty is accepted.

The Government represented that it intends to recommend a sentence of time served. The Government  made an oral motion to dismiss the Superseding Indictment without prejudice brought against Mr. Everybodytalksabout in Case No. 2:25-CR-000180-RLP-2, and recommended that he be released pending sentencing under 18 U.S.C. §§ 3142(c) and 3143(a). The Court finds that release conditions below will not endanger the safety of any other person or the community and will reasonably assure the appearance of Mr. Everybodytalksabout as required.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.    A sentencing hearing in Case No. 2:26-CR-00069-RLP is set for **October 5, 2026, at 10:00 a.m.**, in Spokane Courtroom 901. Absent truly exigent circumstances, the Court will not consider a request for a continuance of sentencing unless: (1) the request is made by written motion, (2) in accordance with LCivR 7, and (3) the motion and supporting declaration are filed at least seven (7) days before the scheduled sentencing hearing.

2.    The Government's oral motion to dismiss the Superseding Indictment without prejudice in case No. 2:25-CR-000180-RLP-2 is GRANTED.

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE * 2

**3.     Defendant shall be released from USM custody on July 7, 2026 on the following pretrial release conditions and Defendant is reminded that violations of any of the following release conditions may result in revocation of pretrial release pursuant to 18 U.S.C. § 3148:**

| STANDARD CONDITIONS | |
|---|---|
| **1.** | Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter. |
| **2.** | Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address. |
| **3.** | Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed. |
| **4.** | Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished. |
| **5.** | Defendant shall not possess a firearm, destructive device or any dangerous weapons. |
| **6.** | Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| **7.** | Defendant shall contact defense counsel at least once a week. |
| **8.** | Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| **9.** | Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law. |
| **10.** | Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport. |

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE * 3

| SPECIAL CONDITIONS | | |
|---|---|---|
| **1.** | Remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office. | |
| **2.** | Defendant shall avoid all contact, direct or indirect, with E.R. | |
| **3.** | Abstain totally from the use of alcohol. | |
| **4.** | Submit to random urinalysis testing as directed by the United States Probation/Pretrial Services Office. Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release. | |

4.    The United States Probation Office shall prepare a Presentence Investigation Report (PSIR) pursuant to Fed. R. Crim. P. 32(c).

4.  Not later than **August 24, 2026**, the probation officer shall disclose the Presentence Investigation Report to Defendant, counsel for Defendant, and the Government. Disclosure of the Presentence Investigation Report shall be subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

5.  Not later than **September 7, 2026**, counsel shall communicate in writing to the probation office (and opposing counsel) any objections they may have as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. If an objection is filed, the probation officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

6.  The probation officer shall submit the final Presentence Investigation Report to the Court by **September 21, 2026**. The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE * 4

that have not been resolved, together with the officer's comments and recommendations thereon.

7. Not later than **September 7, 2026,** counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations. **<u>FAILURE TO FILE AND SERVE SENTENCING MATERIAL, TO INCLUDE MOTIONS OR MEMORANDA FOR UPWARD OR DOWNWARD DEPARTURE AND VARIANCES, BY THIS DATE WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.</u>**

8. Not later than **September 14, 2026**, the opposing party shall file and serve its response limited to no more than seven (7) pages.

9. If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court no later **September 28, 2026**. This includes the names of any party who requests to address the Court prior to the imposition of sentence.

10. Any supplements to the parties' memoranda and responses must be filed and served as soon as possible. The parties are further directed to notify the Courtroom deputy of any supplements to their submissions so that they come to the Court's attention prior to sentencing.

11. The public and the press have common law and First Amendment rights

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE * 5

to access court proceedings and court documents. The Court recognizes that given the availability of electronic records, certain materials are appropriately filed under seal. However, if a party intends to file materials under seal, the party shall, after considering whether the provisions of Fed. R. Cr. P. 49.1 provide sufficient privacy protection, file a motion to seal applying the Ninth Circuit's methodology as set forth in *United States v. Doe*, 870 F.3d 991 (9th Cir. 2017). No motion to seal is necessary if the materials contain the names of cooperating witnesses or unindicted co-conspirators or reveal ongoing investigations, such materials may be filed under seal without leave of the Court.

12. All pending motions are **DENIED as moot** and all pending hearing and trial dates are stricken from the Court's calendar in both cases.

13. The District Court Executive is authorized to accept Defendant's payment(s) toward the Special Penalty Assessment.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshal's Service.

DATED: July 7, 2026

REBECCA L. PENNELL
United States District Judge

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE * 6